# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

THOMAS L. DOWLEN,        )
        )
      Petitioner,      )
        )    NO. 3:19-cv-01053
v.        )
        )    JUDGE RICHARDSON
JONATHAN LEBO, Warden,    )
        )
      Respondent.    )

## MEMORANDUM OPINION

Thomas L. Dowlen, a state prisoner, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Respondent filed a motion to dismiss the petition as untimely (Doc. No. 11), and Petitioner filed a response (Doc. No. 14). Petitioner also filed a motion to amend (Doc. No. 15), seeking to add equitable tolling arguments to the petition. Respondent filed a response (Doc. No. 17), conceding that Petitioner could amend but maintaining that the petition should be dismissed as untimely. For the following reasons, Petitioner's motion to amend will be granted, Respondent's motion to dismiss will be granted, and this action will be dismissed.

## I.    Motion to Amend

Petitioner may amend the petition once as a matter of course within 21 days after service of a motion filed by a defendant (or respondent) under Federal Rule of Civil Procedure 12(b). Fed. R. Civ. P. 15(a)(1)(B). Respondent filed a Rule 12(b)(6) motion on February 19, 2020. (Doc. No. 11.) Thus, the deadline to amend was Monday, March 16.[1] Petitioner filed the motion to amend by mailing it on March 10. (Doc. No. 15 at 4); *Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (footnote omitted) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Accordingly, the Court

---

[1] The Court adds 3 days to the deadline because Petitioner was served by mail, and the deadline extends to the following Monday because the last day fell on a Saturday. Fed. R. Civ. P. 6(a)(1)(C), (d).

will grant Petitioner's motion to amend and consider his equitable tolling arguments when ruling on the motion to dismiss.

## II.    Background

A Robertson County jury convicted Petitioner of first-degree murder, and he received a sentence of life imprisonment. (Doc. No. 10-1 at 141.) On November 7, 2016, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgment. *State v. Dowlen*, No. M2015-01582-CCA-R3-CD, 2016 WL 6581350 (Tenn. Crim. App. Nov. 7, 2016). Petitioner did not file an application for permission to appeal in the Tennessee Supreme Court.

Petitioner did, however, file a *pro se* petition for post-conviction relief. He stated that he placed it in the prison mailing system on April 28, 2017 (Doc. No. 10-11 at 9–10), and the post-conviction (state) court received it on May 5 (*id.* at 4). The court denied relief (Doc. No. 10-11 at 45–62), the TCCA affirmed, and the Tennessee Supreme Court denied Petitioner's request for discretionary review on February 21, 2019. *Dowlen v. State*, No. M2018-00052-CCA-R3-PC, 2018 WL 6719462 (Tenn. Crim. App. Dec. 19, 2018), *perm. app. denied*, Feb. 21, 2019.

Petitioner then filed a habeas corpus petition in this Court. He declared under penalty of perjury that he placed it in the prison mailing system on November 11, 2019. (Doc. No. 1 at 14.)

## III.    Timeliness of the Petition

There is a one-year statute of limitations for filing federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). This one-year period begins to run "from the latest of" four dates, one of which is relevant here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The running of the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

2

Here, the TCCA affirmed Petitioner's judgment on direct review on November 7, 2016. Petitioner then had sixty days to file an application for permission to appeal to the Tennessee Supreme Court. Tenn. R. App. P. 11(b). He did not do so. Accordingly, Petitioner's judgment became final sixty days after the TCCA affirmed, on January 6, 2017. The one-year statute of limitations began running the next day, on January 7, 2017. Fed. R. Civ. P. 6(a)(1)(A). It continued to run until Petitioner filed his petition for post-conviction relief.

The Court considers Petitioner's post-conviction petition filed as of April 28, 2017—the date he signed it, stated that he gave it to prison authorities for mailing, and had it notarized.[2] (Doc. No. 10-11 at 9–10.) At that time, the limitations period was tolled with 254 days remaining. The period remained tolled until February 21, 2019, when the Tennessee Supreme Court denied discretionary review. It started running against the next day, on February 22, 2019. Petitioner's deadline to file a federal habeas petition, therefore, was November 5, 2019.[3] And Petitioner filed his federal petition on November 11. 2019, making it untimely by six days.

## IV.    Equitable Tolling

The "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling bears the burden of establishing

---

[2]     Respondent argues that the petition was filed on May 5, 2017—the date the court received it. (Doc. No. 12 at 3.) And the state court rule establishing the "prison mailbox rule" for *pro se* post-conviction filings "does not specify the [filing] date" of a *timely* filing. *See Shade v. Washburn*, No. 3:19-CV-051, 2019 WL 3557872, at *1 n.1 (E.D. Tenn. Aug. 5, 2019) (discussing Tenn. Sup. Ct. R. 28, § 2(G)). At least once, however, the TCCA deemed a timely post-conviction petition filed when it was "presented to prison officials for mailing." *Dowell v. State*, No. M2016-01364-CCA-R3-PC, 2017 WL 2859010, at *6 & n.3 (Tenn. Crim. App. July 5, 2017) (citing Tenn. R. Crim. P. 49(d), Tenn. Sup. Ct. R. 28, § 2(G)). Accordingly, this Court will do the same here (contrary to Respondent's position). Had the Court used the later (receipt) date requested by Respondent, that would have only benefitted Respondent and certainly would not have altered the outcome of Respondent's motion to dismiss.

[3]     The deadline fell on a Saturday, so it ran through the following Monday. Fed. R. Civ. P. 6(a)(1)(C).

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Ata*, 662 F.3d at 741 (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)) ("[T]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling."). This doctrine is applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citation omitted).

Here, Petitioner argues that he is entitled to equitable tolling because staff shortages at his place of incarceration impeded his ability to "gather information and materials needed to prepare his petition." (Doc. No. 14 at 3; Doc. No. 15 at 3.) He also states that he was held in Maximum Custody from September 9, 2016 to October 24, 2019 (Doc. No. 14 at 3; Doc. No. 15 at 2)—twelve days before his federal habeas deadline expired and eighteen days before he filed the petition. And finally, Petitioner argues that the relatively short amount of time between Maximum Custody release and habeas filing reflects that he was diligent. (Doc. No. 14 at 3; Doc. No. 15 at 3.)

Even accepting Petitioner's assertions as true, he is not entitled to equitable tolling. He has not explained how the asserted staff shortages prevented him from filing a timely federal habeas petition. Whether attributed to staff shortages or placement in Maximum Custody, the Sixth Circuit has held that a prisoner's *pro se* status, limited law-library access, and inability to access transcripts are not "extraordinary circumstances." *Hall*, 662 F.3d at 750–51; *see also Morris v. Warden, Toledo Corr. Facility*, No. 2:10-CV-00542, 2011 WL 245618, at *1 (S.D. Ohio Jan. 26, 2011) (rejecting prisoner's argument that he was entitled to equitable tolling because his housing "in a segregated portion of a maximum security prison" left him with "less access than a typical prisoner to the prison's law library"). Moreover, the Court notes that Petitioner's asserted confinement in

Maximum Custody lasted roughly three years, and those conditions did not prevent him from filing a timely state post-conviction petition during that time.

The Court recognizes that Petitioner missed his federal habeas deadline by only six days. But the Sixth Circuit has cautioned that "a court should not extend limitations by even a single day" unless there are "compelling equitable considerations." *Thomas v. Romanowski*, 362 F. App'x 452, 454 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 561 (6th Cir. 2000)). And in this case, Petitioner simply has not carried his burden of demonstrating that such equitable considerations are present. Accordingly, the petition must be dismissed as untimely.

## V.    Conclusion

For these reasons, the Petition is untimely and is not subject to equitable tolling. Petitioner's motion to amend and Respondent's motion to dismiss (Doc. Nos. 11 and 15) will be granted, and this action will be dismissed.

A petitioner may not appeal an adverse final order unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "If the petition [is] denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes jurists of reason would not disagree that the Petition is barred by the statute of limitations, and it will therefore deny a COA.

An appropriate Order will be entered.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE